Victor **VASQUEZ**; Maria Irma Vasquez, Petitioners,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 00–71169.

I & NS Nos. A70 797 929 / A29 918 390.

United States Court of Appeals, Ninth Circuit.

**562**

Submitted Aug. 8, 2001.*

Decided Aug. 22, 2001.

Before SCHROEDER, Chief Judge,
T.G. NELSON, and SILVERMAN,
Circuit Judges.

MEMORANDUM **

Victor Vasquez, a Guatemalan native and citizen, and derivatively his wife, also a Guatemalan native and citizen, petition for review of the BIA's decision affirming an IJ's denial of his request for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition for review. Since the parties are familiar with the facts, we will not recite them in this·decision.

We review the BIA's determination that Vasquez was not eligible for asylum for substantial evidence. *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000). To prevail, Vasquez must show that the evidence not only supports, but compels the conclusion that the BIA was incorrect. *Id.*

Substantial evidence supports the BIA's determination that Vasquez failed to prove that he suffered past persecution or had a well-founded fear of future persecution on account of his political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Vasquez did not link the threats and two attacks to his actual or imputed political opinion. Vasquez cannot identify who wanted to harm him or why. Vasquez had no personal interactions with the guerillas; neither he nor his wife were involved in politics. He secretly informed the military of illegal activities, including the local mayor's drug trafficking activities. Thus, substantial evidence supports the BIA's con-

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a).

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. 104–208, 110 Stat. 3009 (Sept. 30, 1996), repealed this section. However, IIRIRA provides transitional rules that apply to cases where the deportation proceedings commenced prior to April 1, 1997, and in which a final deportation order was issued on or after October 30, 1996. Because Vasquez's deportation proceedings commenced on October 25, 1993, and a final order was issued on August 14, 2000, IIRIRA transitional rules apply to this case.

clusion that the alleged persecution was most likely "personal" and that Vasquez failed to show that the mayor wished to persecute him on account of his actual or imputed political opinion. *See Grava v. INS*, 205 F.3d 1177, 1181 n. 3 (9th Cir. 2000) ("Purely personal retribution is, of course, not persecution on account of political opinion.").

Because Vasquez failed to establish eligibility for asylum, he necessarily failed to establish a claim for withholding of deportation. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Our determination as to Vasquez's ineligibility for asylum is determinative of his wife's ineligibility.

PETITION FOR REVIEW DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.